## SECOND DEPARTMENT, MAY, 1924.

ALICE E. FORBES, Appellant, v. JULIUS BINDRIM and Another, Respondents.

Appeal from a judgment of the Supreme Court in favor of the defendants, entered in the Nassau county clerk's office January 5, 1923, upon the decision of the court dismissing the complaint.

Judgment reversed upon the facts, and new trial granted, costs to abide the event. The following findings of fact are reversed as contrary to the weight of the evidence: 7th, 14th, 16th, 17th, 18th, 20th, 23d and 25th; and the conclusions of law are disapproved. No opinion. Kelly, P. J., Rich, Jaycox and Young, JJ., concur; Kelby, J., dissents and reads for affirmance. Settle order on notice.

KELBY, J. (dissenting): I vote to affirm. The intent of all the parties, upon the dissolution of the corporation, was to end the relation of *cestui que trust* and trustee that had theretofore existed between the plaintiff and Bindrim. The delivery of the deed by the corporation to the plaintiff's aunt, Miss Foote, was with the plaintiff's knowledge, acquiescence and express written ratification. The only reason that the conveyance was not made to the plaintiff herself was that there were judgments of record against her, and actions pending which would soon ripen into further judgments against her. The plaintiff was fully apprised of all

the acts of her former trustees. She ratified all of them, and she accepted the deed in the name of Miss Foote for her own convenience and as a full discharge of all matters relating to the holding of the property by the corporation or by the trustees. At the time of the deed from Miss Foote to Bindrim the first mortgage, for $14,000, was past due as to both principal and accumulated interest, and the interest on the subsequent mortgages was unpaid, as were also taxes. The evidence supports the finding of the learned trial justice that the conveyance from Miss Foote to Bindrim was the same as if the plaintiff herself had conveyed. Bindrim was justified in believing that he was receiving all of the title to the property including any interest that the plaintiff may have had by reason of her aunt having acted as her " dummy." If, at the time of the conveyance from Miss Foote to Bindrim, the property had the great value that the plaintiff now contends it has, it would, seemingly, have been an easy matter to negotiate a first mortgage to discharge all the existing mortgages and tax liens. That the property has lately greatly increased in value there can be no doubt. But that is not evidence of its value at the time of the conveyance to Bindrim.